UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEITH R. RIOS,

    Plaintiff,

v.

SANDRA PENNYWELL,

    Defendant.

Case No. 13-cv-03430-VC

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

    The petition for a writ of habeas corpus is denied, because the decision of the California Court of Appeal is not contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law to the facts. *See* 28 U.S.C. § 2254(d)(1).

    With respect to Rios' argument that his lawyer was ineffective for failing to object to the prosecutor's discussion of the reasonable doubt standard at closing, there was no *Strickland* error for the reasons stated by the Court of Appeal. With respect to Rios' argument that his lawyer was ineffective for failing to object to the prosecutor's comments about unanimity, there was also no *Strickland* error for the reasons stated by the Court of Appeal. Furthermore, although the parties do not mention it, a review of the prosecutor's entire closing argument shows that he did not invite the jury to convict Rios even if they could not agree on a specific criminal act Rios committed. To the contrary, the prosecutor went through every count and specified that for each count that charged the commission of a crime within a specified date range, where there was evidence Rios committed more than one violation within that range, the jury must identify the first violation and convict on that basis.

    With respect to both Rios' *Strickland* arguments, this was not a close case. Even if defense counsel had objected during closing argument and those objections had been sustained, the

evidence presented by the prosecution was overwhelming, and there was strong evidence that Rios' daughters were not telling the truth on the stand when they recanted their prior allegations of sexual assault by him.  For example, although one of his daughters had written a letter recanting her prior allegations, the prosecution presented documentary evidence that this letter was originally drafted by her mother, who was attempting to reunite her family and protect Rios from conviction.  And the jury's rejection of the daughters' assertion that they were pressured by police and social workers into accusing their father of sexual assault would not have changed if defense counsel had successfully objected twice during the prosecutor's closing argument.  Therefore, even if defense counsel's failure to object constituted deficient performance, it is extremely unlikely that a decision to object would have affected the outcome of the trial.  For this reason, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

Dated:  July 22, 2014

_____
VINCE CHHABRIA
United States District Judge